IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ELLIOTT MCKINNEY and
VACHENZIA MCGRAW MCKINNEY                                          **Plaintiffs**

v.                                                          Case no.: 3:15-cv-00166-MPM-JMV

SHELLPOINT MORTGAGE SERVICING, and
THE BANK OF NEW YORK MELLON F/K/A THE
BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF
CWALT, INC. ALTERNATIVE LOAN TRUST
2005-50CB MORTGAGE PASS THROUGH
CERTIFICATE SERIES 2005-50CB                                        **Defendants**

# ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal for lack of federal jurisdiction as explained hereafter.[1] Dismissal may be avoided by the filing of a statement of jurisdiction within five (5) days of the date of this order, asserting an appropriate basis for federal court jurisdiction.

The Complaint [1] in this case purports to found federal jurisdiction on diversity of citizenship under 28 U.S.C. § 1332, but it does not adequately identify the citizenship of the parties. "The party asserting diversity jurisdiction must 'distinctly and affirmatively allege[ ]' the citizenship of the parties." *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807 (W.D. Tex. 2008) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

---

[1] Although defendant has not raised the issue of a failure in this respect, the Court must make an independent inquiry into its jurisdiction. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (Ginsburg, J., dissenting) (citing *Bender v. Willamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

The notice of removal states, "Shellpoint Partners, LLC is also a Delaware limited liability company with three members: 1) Shellpoint Management Holdings, LLC; 2) Ranieri Partners, LLC; and 3) R-SC Financing Conduit, LLC. All three LLCs are organized under Delaware laws, and the undersigned is not aware of any members of these LLCs who are Mississippi citizens."

The notice of removal, however, does not outline the citizenship of the LLC members, and as such does not qualify as affirmative pleading. For diversity jurisdiction purposes, a limited liability company's citizenship is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Thus, it does not appear on the face of the Complaint that this Court has subject matter jurisdiction.

As noted, this defect in the allegations of the Complaint may be corrected by the filing, within five (5) days of the date of this order, of a statement of jurisdiction outlining the appropriate states of citizenship necessary to establish complete diversity.[2] Failure to do so will result in the Court dismissing this case for lack of subject matter jurisdiction.

**SO ORDERED** this, the 6th day of October, 2015.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[2] "For purposes of diversity jurisdiction, the domicile of the parties as opposed to their residence, is the key." *Combee v. Shell Oil Co.,* 615 F.2d 698, 700 (5th Cir. 1980).